**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NUECES BLOCKCHAIN LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nueces Blockchain LLC ("Nueces Blockchain") brings this patent infringement action against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC"), and alleges as follows, on information and belief:

**NATURE OF THE ACTION**

1.　　Nueces Blockchain brings this action for patent infringement under 35 U.S.C. § 271 *et seq.*, seeking damages and other relief for JPMC's unauthorized infringement of U.S. Patent Nos. 8,185,733 ("the '733 Patent"), 12,399,987 ("the '987 Patent"), and 12,411,949 ("the '949 Patent") (collectively, the "Asserted Patents"). The Asserted Patents claim foundational advances in cryptographic distributed-ledger technology, including methods for embedding content-based identifiers within hash-chained ledgers to enable integrity verification, and methods for governing the execution of digital transactions through tamper-evident logs secured by cryptographic attestation.

2.　　JPMC infringes the Asserted Patents including through its operation of the Kinexys platform, which includes a private, permissioned blockchain built on Ethereum Virtual Machine

1

("EVM") technology ("the Kinexys blockchain") using a permissioned adaptation of Ethereum known as Quorum. The Kinexys blockchain supports financial services offerings on the Kinexys platform, including Kinexys Digital Assets, Kinexys Digital Payments, and Blockchain Deposit Accounts for JPMC's clients, including institutional clients. On information and belief, the Kinexys platform processes billions of dollars in tokenized asset transactions each day, and every such transaction practices the inventions claimed in the Asserted Patents.

## THE PARTIES

3.      Plaintiff Nueces Blockchain is a limited liability company organized and existing under the laws of the State of Texas. Nueces Blockchain's registered agent is located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

4.      Nueces Blockchain owns seminal patents in the field of distributed-ledger technology, covering foundational methods for cryptographic hash-based logging, the generation and publication of content-based identifiers, and the management of transaction execution through tamper-evident records, technologies that underlie modern blockchain infrastructure.

5.      On information and belief, Defendant JPMC Chase Bank, N.A. is a national banking association chartered under the laws of the United States, with its principal place of business at 270 Park Avenue, New York, NY 10017.

## JURISDICTION AND VENUE

6.      Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the case arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

8.      Venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, JPMC has committed acts of patent infringement in this District and maintains regular and established places of business here, including a major office at 8181 Communications Parkway, Plano, Texas 75024, where it advertises openings for relevant software engineers, together with numerous banking facilities located within this District, including at 3041 W. Parker Road, Plano, Texas 75023, 5020 W. Park Boulevard, Plano, Texas 75093, 4001 W. Park Boulevard, Plano, Texas 75093, and 5900 Preston Road, Plano, Texas 75093, and 161 W. Spring Creek Parkway, Plano, Texas 75023. JPMC's acts of patent infringement in this District include (a) the operation of one or more EVM-based nodes in support of the Kinexys blockchain and/or (b) the initiation of transactions that involve JPM Coin Deposit Tokens to induce infringement by Coinbase, Inc. ("Coinbase"), which uses the EVM-based Base network in support of such transactions.

9.      On information and belief, JPMC initiates transactions involving its JPM Coin Deposit Token from its facilities and through its personnel located in this District. When JPMC initiates such a transaction from this District, that initiation causes Coinbase to carry out the transaction on Coinbase's Base network, a blockchain built on EVM Technology that operates in the same manner as the EVM-based nodes of the Kinexys blockchain and that accordingly practices the inventions claimed in the Asserted Patents in the same manner. Coinbase's execution of those JPMC-initiated transactions on the Base network constitutes direct infringement of the Asserted Patents, and JPMC's initiation of those transactions from within this District constitutes active inducement of that infringement under 35 U.S.C. § 271(b), such that JPMC has committed acts of infringement in this District.

10.     This Court has personal jurisdiction over JPMC consistent with the Texas Long-Arm Statute and the Due Process Clause. JPMC has purposefully availed itself of the privileges of

conducting business in Texas by, among other things, operating offices and banking facilities throughout the State, marketing and providing its banking and financial-technology services, including services supported by the Kinexys platform, to Texas residents and Texas-based institutions, and deriving substantial revenue from goods sold and services provided within this State and District. JPMC has thereby established minimum contacts with the forum sufficient to support the exercise of personal jurisdiction, and Plaintiff's causes of action arise in part directly from JPMC's business contacts and infringing acts within the State of Texas.

11.     This Court also has general jurisdiction over JPMC by virtue of its continuous and systematic contacts with the State of Texas, including its ongoing commercial operations, extensive branch network, customer relationships, and revenue generation throughout the State.

12.     On information and belief, JPMC employs engineers, developers, and technical personnel in Texas, including at its Plano offices in this District, who design, develop, maintain, and support JPMC's technology systems, and JPMC regularly does or solicits business, engages in other persistent conduct, and derives substantial revenue from Texas residents.

### PATENTS-IN-SUIT

13.     Nueces Blockchain is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,185,733, titled "Method and Apparatus for Automatically Publishing Content Based Identifiers," which issued on May 22, 2012, to named inventors Edward L. Schwartz, Greg Wolff, Michael J. Gormish, and Kurt Piersol. A copy of the '733 Patent is attached as Exhibit A.

14.     Nueces Blockchain is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,399,987, titled

4

"Performing Authentication," which issued on August 26, 2025, to named inventor Bjorn Markus Jakobsson. A copy of the '987 Patent is attached as Exhibit B.

15.    Nueces Blockchain is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,411,949, titled "Performing Authentication," which issued on September 9, 2025, to named inventor Bjorn Markus Jakobsson. A copy of the '949 Patent is attached as Exhibit C.

**THE ACCUSED KINEXYS PLATFORM**

16.    Kinexys is JPMC's blockchain business unit that operates the Kinexys blockchain, which supports financial services for the Kinexys platform, including Kinexys Digital Assets, Kinexys Digital Payments, and Blockchain Deposit Accounts, for JPMC's clients.

17.    On information and belief, JPMC elected in 2020 to launch the Kinexys blockchain network (then known as Onyx) with an EVM-based permissioned blockchain that employs Quorum, a permissioned adaptation of Ethereum. Since 2020, the Quorum source code has been maintained as an open-source project by Consensys. JPMC has publicly touted the Kinexys blockchain network's reliance on the defining characteristics of blockchain technology—immutability, trust minimization, transparency, and programmability—and has reported that Kinexys Digital Assets processes on the order of two to three billion dollars in tokenized asset transactions daily.

18.    A blockchain is a computer-readable, tamper-evident log. Each block incorporates a cryptographic hash of its parent block, so any alteration to a recorded block invalidates every subsequent block in the chain and is detectable by all participating nodes. JPMC has emphasized that the immutability of its blockchain ensures that fund transactions are recorded transparently on a unified ledger. Each block on the Kinexys blockchain contains one or more actions to be

performed, for example, transfers of ownership of digital assets or payments between accounts, and the nodes of the Kinexys blockchain are communicatively coupled to one another and to clients through network interfaces over a communications network.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,185,733)

19.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20.     Each claim of the '733 Patent is presumed valid under 35 U.S.C. § 282. The claims are patent-eligible under 35 U.S.C. § 101. They are directed to a specific technical improvement in distributed communication systems, embedding cryptographically derived content-based identifiers in message identification headers so that the integrity of a hash-chained log can be verified and tampering detected, and they recite an inventive combination of elements that amounts to meaningfully more than any abstract idea.

21.     On information and belief, JPMC directly infringes one or more claims of the '733 Patent, including at least Claim 9, literally and/or under the doctrine of equivalents, through its operation of the Kinexys blockchain and the services that run on it. Each node of the Kinexys blockchain that serves as a block proposer functions as an outgoing electronic communication server. When it assembles a new block for propagation across the network, it embeds in the block's execution payload header a parent-hash value, a cryptographic hash computed over the contents of the immediately preceding block. That parent-hash value is a content-based identifier because it is derived from the content of the parent block, and it enables verification of the integrity of the hash-chained log that is the Kinexys blockchain. Because each block cryptographically references its parent, no recorded block can be altered without invalidating every block that follows, and any such alteration is apparent to every node on the network. The parent-hash value resides in a

6

designated field of the block's header, a message identification header that identifies the new block by reference to its predecessor, and that field is not modified as the block is transmitted to, validated by, and replicated across the other nodes of the network, each of which appends the identical block to its own copy of the chain.

22.    The accused systems and services include, without limitation, Kinexys Digital Assets, Kinexys Digital Payments, Blockchain Deposit Accounts, and JPMC's Kinexys blockchain node infrastructure (collectively, "the '733 Accused Instrumentalities"). Identification of additional '733 Accused Instrumentalities may be provided through infringement contentions served pursuant to the Court's scheduling order.

23.    On information and belief, the '733 Accused Instrumentalities satisfy every limitation of one or more claims of the '733 Patent, including, for example, Claim 9, as reflected in the preliminary infringement claim chart attached as Exhibit D.

24.    JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '733 Patent, including Claim 9, under 35 U.S.C. § 271(b). JPMC has had actual knowledge of the '733 Patent at least as of the filing of this Complaint. Despite that knowledge, JPMC has continued to operate, promote, and expand the '733 Accused Instrumentalities, and has affirmatively encouraged and instructed its institutional clients, counterparties, and partner institutions to transact on the Kinexys blockchain in ways that directly infringe the '733 Patent, with the specific intent that such infringement occur or with willful blindness to that result.

25.    JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '733 Patent, including at least Claim 9, under 35 U.S.C. § 271(b), by initiating transactions involving its JPM Coin Deposit Token, including from this

District, that Coinbase executes on its Base network. Base is an EVM-based blockchain that operates in materially the same manner as the EVM-based nodes of the Kinexys blockchain and therefore infringes the '733 Patent through the same or materially similar EVM functions. When a Base node acting as block proposer (known as a "sequencer") assembles a new block for propagation across the network, it embeds in the block's header a parent-hash value computed from the content of the immediately preceding block, a content-based identifier that enables verification of the integrity of the hash-chained log and that remains unmodified as the block is validated by and replicated across the other nodes of the network. Coinbase's execution of JPMC-initiated JPM Coin Deposit Token transactions on the Base network thus directly infringes the '733 Patent. JPMC knowingly causes that direct infringement each time it initiates such a transaction for execution on the Base network, and, having knowledge of the '733 Patent at least as of the filing of this Complaint, JPMC acts with the specific intent that Coinbase's infringement occurs or with willful blindness to that result.

26. JPMC is liable for infringement of the '733 Patent under 35 U.S.C. § 271 by reason of its making, using, offering, selling, and/or operating the '733 Accused Instrumentalities in the United States, to the injury of Plaintiff.

27. As a direct and proximate result of JPMC's infringement of the '733 Patent, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and costs.

28. Unless enjoined by this Court, JPMC's infringing conduct will continue to cause Plaintiff irreparable harm for which monetary damages alone are an inadequate remedy. Plaintiff is therefore entitled to a permanent injunction under 35 U.S.C. § 283 restraining JPMC and its

8

officers, agents, employees, and all those acting in concert with it from further infringement of the '733 Patent.

29.     JPMC's infringement of the '733 Patent has been and continues to be willful and deliberate within the meaning of 35 U.S.C. § 284. JPMC has infringed with full knowledge of the '733 Patent and has taken no adequate steps to design around the claims or cease its infringing conduct. Plaintiff is therefore entitled to enhanced damages of up to three times the amount found or assessed, together with attorneys' fees under 35 U.S.C. § 285.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 12,399,987)**

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31.     Each claim of the '987 Patent is presumed valid under 35 U.S.C. § 282. The claims are patent-eligible under 35 U.S.C. § 101. They are directed to a specific technical method for managing the actions of computing devices through a tamper-evident log, requiring that information about an action be appended to the log before the action may be performed, that a cryptographic digital-signature attestation value be obtained for the action, and that tampering be detectable by verification against the logged information and attestation value, and they recite an inventive arrangement of limitations that is meaningfully more than any abstract idea. The specification discloses the claimed inventions with particularity sufficient to enable a person of ordinary skill in the art to practice the full scope of each claim.

32.     On information and belief, JPMC directly infringes one or more claims of the '987 Patent, including at least Claim 1, literally and/or under the doctrine of equivalents, through its operation of the Kinexys blockchain and the services that run on it. The Kinexys blockchain is a computer-readable tamper-evident log accessible through network interfaces communicatively

coupled to a communications network. Each block is cryptographically bound to its parent, so any change to a recorded block invalidates all descendant blocks and is detectable by every node. Because the Kinexys platform is built on Quorum, an EVM-based system, transactions are not executed when they are created, instead they are propagated across the network, held in a transaction pool, and batched into blocks. Consistent with the publicly available Quorum source code, each node records a newly assembled block to its copy of the chain before the transactions within it are executed and their resulting state committed, the block-writing operation precedes the state-commit operation, so that information about each action is appended to the tamper-evident log before the action is allowed to be performed. Indeed, if a node fails after a block is recorded but before the resulting state is stored, the node on restart re-executes the transactions from the already-recorded blocks to reconstruct the correct state, confirming that log commitment precedes execution. Before execution, each action is also protected by two independent cryptographic attestations. The originator of each transaction signs it with a cryptographic digital-signature function, yielding an attestation value bound to the information about that action, and under the QBFT consensus protocol that Quorum recommends, the validator node serving as block proposer signs the assembled block, with approval requiring signatures from at least two-thirds of validators, yielding an attestation value based on all of the transaction information the block contains. A change to any of the underlying transaction information invalidates these signatures, so tampering with the log is detectable by verifying the attestation values against the logged information. Only after a block has been appended to the chain and approved do the nodes execute the transactions within it, thereby performing the logged actions.

33.    The accused systems and services include, without limitation, Kinexys Digital Assets, Kinexys Digital Payments, Blockchain Deposit Accounts, and JPMC's Kinexys

blockchain node infrastructure (collectively, "the '987 Accused Instrumentalities"). Identification of additional '987 Accused Instrumentalities may be provided through infringement contentions served pursuant to the Court's scheduling order.

34.    On information and belief, the '987 Accused Instrumentalities satisfy every limitation of one or more claims of the '987 Patent, including, for example, Claim 1, as reflected in the preliminary infringement claim chart attached as Exhibit E.

35.    JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '987 Patent, including Claim 1, under 35 U.S.C. § 271(b). JPMC has had actual knowledge of the '987 Patent at least as of the filing of this Complaint. Despite that knowledge, JPMC has continued to operate, promote, and expand the '987 Accused Instrumentalities, and has affirmatively encouraged and instructed its institutional clients, counterparties, and partner institutions to transact on the Kinexys blockchain in ways that directly infringe the '987 Patent, with the specific intent that such infringement occur or with willful blindness to that result.

36.    JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '987 Patent, including at least Claim 1, under 35 U.S.C. § 271(b), by initiating transactions involving its JPM Coin Deposit Token, including from this District, that Coinbase executes on its Base network. Base is an EVM-based blockchain that operates in materially the same manner as the EVM-based nodes of the Kinexys blockchain and therefore infringes the '987 Patent through the same or materially similar EVM functions. Each Base node appends information about a transaction to a computer-readable tamper-evident log before the transaction is allowed to be performed. The originator of each transaction signs it with a cryptographic digital-signature function, yielding an attestation value bound to the information

about that action, and any tampering with the logged information is detectable by verifying the attestation value against it. Coinbase's execution of JPMC-initiated JPM Coin Deposit Token transactions on the Base network thus directly infringes the '987 Patent. JPMC knowingly causes that direct infringement each time it initiates such a transaction for execution on the Base network, and, having knowledge of the '987 Patent at least as of the filing of this Complaint, JPMC acts with the specific intent that Coinbase's infringement occurs or with willful blindness to that result.

37.     JPMC is liable for infringement of the '987 Patent under 35 U.S.C. § 271 by reason of its making, using, offering, selling, and/or operating the '987 Accused Instrumentalities in the United States, to the injury of Plaintiff.

38.     As a direct and proximate result of JPMC's infringement of the '987 Patent, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and costs.

39.     Unless enjoined by this Court, JPMC's infringing conduct will continue to cause Plaintiff irreparable harm for which monetary damages alone are an inadequate remedy. Plaintiff is therefore entitled to a permanent injunction under 35 U.S.C. § 283 restraining JPMC and its officers, agents, employees, and all those acting in concert with it from further infringement of the '987 Patent.

40.     JPMC's infringement of the '987 Patent has been and continues to be willful and deliberate within the meaning of 35 U.S.C. § 284. JPMC has infringed with full knowledge of the '987 Patent and has taken no adequate steps to design around the claims or cease its infringing conduct. Plaintiff is therefore entitled to enhanced damages of up to three times the amount found or assessed, together with attorneys' fees under 35 U.S.C. § 285.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 12,411,949)

41.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42.     Each claim of the '949 Patent is presumed valid under 35 U.S.C. § 282. The claims are patent-eligible under 35 U.S.C. § 101. They are directed to a specific technical method for managing the actions of computing devices through a tamper-evident log, requiring that the log be updated with information about an action before the action may be performed, that a cryptographic digital-signature attestation value be obtained that is based at least in part on a nonce, a time, and a date, and that performance of the action be associated with a resulting state change, and they recite an inventive arrangement of limitations that is meaningfully more than any abstract idea. The specification discloses the claimed inventions with particularity sufficient to enable a person of ordinary skill in the art to practice the full scope of each claim.

43.     On information and belief, JPMC directly infringes one or more claims of the '949 Patent, including at least Claim 8, literally and/or under the doctrine of equivalents, through its operation of the Kinexys blockchain and the services that run on it. As set forth above, the Kinexys blockchain is a computer-readable tamper-evident log, accessible through network interfaces coupled to a communications network, that is used to manage actions performed by computing devices, including transfers of digital assets and payments between accounts. Before any such action is permitted to execute, the log is updated. Consistent with the Quorum source code on which the platform is built, each node writes a newly assembled block, containing the pending transaction information, to its copy of the chain before executing the transactions and committing the resulting state, and a node that fails mid-process will, on restart, re-execute the transactions from its recorded blocks to restore the correct state. Each action is secured by cryptographic digital-

signature attestation values generated before execution. The transaction originator signs each transaction, binding the attestation value to the information about the action, and the proposing validator signs the assembled block under the QBFT consensus protocol, with publication requiring approval by at least two-thirds of validators. The block-level attestation value is based, at least in part, on a nonce, a time, and a date. Each transaction carries a per-account nonce, a sequentially incrementing counter that orders the account's transactions and defeats replay attacks, and each block header carries a UNIX-epoch timestamp encoding both the time and the date of the block's creation. Because the signature covers the block's contents, any alteration of the nonce or the timestamp invalidates the attestation value, rendering tampering detectable. When the logged transactions are thereafter executed, they produce changes to account balances, nonces, and smart-contract data that are recorded in the state database of each node's execution client, so that performance of each action is associated with a state change.

44.    The accused systems and services include, without limitation, Kinexys Digital Assets, Kinexys Digital Payments, Blockchain Deposit Accounts, and JPMC's Kinexys blockchain node infrastructure (collectively, "the '949 Accused Instrumentalities"). Identification of additional '949 Accused Instrumentalities may be provided through infringement contentions served pursuant to the Court's scheduling order.

45.    On information and belief, the '949 Accused Instrumentalities satisfy every limitation of one or more claims of the '949 Patent, including, for example, Claim 8, as reflected in the preliminary infringement claim chart attached as Exhibit F.

46.    JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '949 Patent, including at least claim 8, under 35 U.S.C. § 271(b). JPMC has had actual knowledge of the '949 Patent at least as of the filing of this

Complaint. Despite that knowledge, JPMC has continued to operate, promote, and expand the '949 Accused Instrumentalities, and has affirmatively encouraged and instructed its institutional clients, counterparties, and partner institutions to transact on the Kinexys blockchain in ways that directly infringe the '949 Patent, with the specific intent that such infringement occur or with willful blindness to that result.

47.     JPMC has in this District actively induced, and continues to actively induce, infringement of one or more claims of the '949 Patent, including at least Claim 8, under 35 U.S.C. § 271(b), by initiating transactions involving its JPM Coin Deposit Token, including from this District, that Coinbase executes on its Base network. Base is an EVM-based blockchain that operates in the same manner as the EVM-based nodes of the Kinexys blockchain and therefore infringes the '949 Patent through the same or materially similar EVM functions. Each Base node updates a computer readable tamper-evident log with information about a transaction before the transaction may be performed. Each action is secured by cryptographic digital-signature attestation values that are based, at least in part, on a nonce, a time, and a date, because each transaction carries a per-account nonce and each block header carries a timestamp encoding the time and date of the block's creation. Execution of the logged transactions produces corresponding state changes recorded by each node. Coinbase's execution of the JPMC-initiated JPM Coin Deposit Token transactions on the Base network thus directly infringes the '949 Patent. JPMC knowingly causes that direct infringement each time it initiates such a transaction for execution on the Base network, and, having knowledge of the '949 Patent at least as of the filing of this Complaint, JPMC acts with the specific intent that Coinbase's infringement occurs or with willful blindness to that result.

48.     JPMC is liable for infringement of the '949 Patent under 35 U.S.C. § 271 by reason of its making, using, offering, selling, and/or operating the '949 Accused Instrumentalities in the United States, to the injury of Plaintiff.

49.     As a direct and proximate result of JPMC's infringement of the '949 Patent, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and costs.

50.     Unless enjoined by this Court, JPMC's infringing conduct will continue to cause Plaintiff irreparable harm for which monetary damages alone are an inadequate remedy. Plaintiff is therefore entitled to a permanent injunction under 35 U.S.C. § 283 restraining JPMC and its officers, agents, employees, and all those acting in concert with it from further infringement of the '949 Patent.

51.     JPMC's infringement of the '949 Patent has been and continues to be willful and deliberate within the meaning of 35 U.S.C. § 284. JPMC has infringed with full knowledge of the '949 Patent and has taken no adequate steps to design around the claims or cease its infringing conduct. Plaintiff is therefore entitled to enhanced damages of up to three times the amount found or assessed, together with attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief from this Court.

A.      A judgment that JPMC has infringed, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of each of the Asserted Patents,

16

B.     An award of damages sufficient to compensate Plaintiff for JPMC's infringement of the Asserted Patents, in no event less than a reasonable royalty under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest at the maximum rate permitted by law and all recoverable costs,

C.     A judgment that JPMC's infringement of the Asserted Patents has been willful, and an award of enhanced damages under 35 U.S.C. § 284 in an amount up to three times the damages found or assessed,

D.     A permanent injunction prohibiting JPMC, its officers, agents, employees, and all those acting in privity or concert with it, from further infringement of the Asserted Patents, or, in the alternative, an award of an ongoing royalty for post-judgment infringement in an amount according to proof,

E.     A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees, and

F.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

17

July 22, 2026

*/s/ Robert Kramer (by permission)*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475
Facsimile:  (212) 730-8885

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

Robert C. Mattson (*pro hac vice forthcoming*)
rmattson@kramerllp.com
**KRAMER LLP**
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (917) 720-0295

*/s/ Deron R. Dacus*
Deron R. Dacus
Texas Bar No. 00790533
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile:  (903) 705-1117

*Attorneys for Plaintiff*
*Nueces Blockchain LLC*